
**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**

July 26, 2019

**VIA ECF**

Honorable LaShann DeArcy Hall, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4H
Brooklyn, New York 11201

<u>Re: <i>Hall v. Nassau County</i>, No. 19-cv-00893 (LDH-CLP)</u>

Dear Judge DeArcy Hall:

This office represents defendants Nassau County, the Department of Assessment of Nassau County, and the Assessment Review Commission of Nassau County in this action. As required by Your Honor's Individual Practices, we write to request a pre-motion conference in advance of our motion to dismiss the Class Action Complaint (ECF 1, the "Complaint"). The Court has already scheduled such a conference for August 15, 2019 in anticipation of our motion.

As set forth below, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because, among other reasons: (1) this Court lacks subject matter jurisdiction over this action under the Tax Injunction Act (28 U.S.C. § 1341, the "TIA"); and (2) Plaintiffs lack standing to bring any claims because they have not suffered a cognizable harm.

**Factual Background**

Plaintiffs Hall, Hernandez and Portillo allege on behalf of a putative class that Nassau County's property tax assessment and grievance process violates the Fair Housing Act (42 U.S.C. 3604 *et seq.*, the "FHA") and their Constitutional rights because it determines real property values for tax assessment purposes based on historical data, allegedly resulting in racial discrimination against minority census tract homeowners who are claimed to lack the information necessary to grieve their property tax assessments. Nassau County strenuously denies each and every one of these allegations. Indeed, ***Plaintiffs Hall, Hernandez and Portillo each successfully challenged their tax assessments to obtain reductions and refunds***.

**1.     This Court Lacks Subject Matter Jurisdiction over this Dispute**

The TIA provides that U.S. District Courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Thus, this Court lacks

subject matter jurisdiction over this action.

The U.S. Supreme Court has held the TIA is intended to "stop taxpayers…from withholding large sums, thereby disrupting state government finances." *Hibbs v. Winn*, 542 U.S. 88, 104 (2004); The TIA prohibits cases like this, where "state taxpayers seek federal-court orders enabling them to avoid paying state taxes." 542 U.S. at 107. "As long as the state provides sufficient remedies, the taxpayer is prohibited from filing suit in federal court." *Miller v. N.Y. Div. of Tax Appeals*, 480 F. Supp. 2d 574, 579 (E.D.N.Y. 2007). New York State courts provide a more-than-sufficient forum for Plaintiffs to litigate their claims. *See id*.

This Court previously considered claims substantially identical to those brought by Plaintiffs here and dismissed them for lack of subject matter jurisdiction under the TIA. In *U.S. v. County of Nassau*, 79 F. Supp.2d 190 (E.D.N.Y. 2000), the federal government filed suit against Nassau County and others under the FHA, alleging that the manner in which Nassau County assessed real property taxes was racially discriminatory. As here, the federal government alleged that Nassau County determined real property values for tax assessment purposes based on historical data instead of current market valuations, resulting in racial discrimination against non-white homeowners. The Court dismissed the action for lack of subject matter jurisdiction, finding that the TIA applied to the federal government's claims. *Id.* at 197. "The Second Circuit and district courts within this circuit have repeatedly held that federal jurisdiction is barred by the TIA when there is a claim involving state and local tax matters, even in the presence of alleged constitutional violations." *Coon v. Town of Whitecreek,* No. 16-cv-318, 2016 U.S. Dist. LEXIS 138928, at *5 (N.D.N.Y. Oct. 6, 2016) (dismissing action for lack of subject matter jurisdiction).

Principles of comity also dictate dismissal. The Supreme Court counsels "federal courts to resist engagement in certain cases falling within their jurisdiction," *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010) (quotations omitted). "The principle of comity is more embracive than the TIA. Comity can preclude the exercise of lower federal court jurisdiction over tax matters that the TIA cannot reach." *Four K. Grp., Inc. v. NYCTL 2008-A Trust*, No. 12-cv-2135, 2013 U.S. Dist. LEXIS 53591, at *18 (E.D.N.Y. April 15, 2013) (citations and quotations omitted). While the TIA "prevents federal courts from giving injunctive relief or declaratory relief…it is the principle of comity that prevents a taxpayer from seeking damages[.]" *Long Island Lighting Co. v. Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989) (dismissing Constitutional challenge to Nassau County tax assessments because of the TIA and principles of comity, and noting that New York State courts afford an adequate forum).

## 2. <u>**Plaintiffs Lack Standing to Bring this Case**</u>

Plaintiffs lack standing under Article III of the U.S. Constitution, which requires that "a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000)**.** Here, none of the Plaintiffs have suffered any injury whatsoever. Plaintiffs, who all reside in the Village of Hempstead, a minority census tract in Nassau County, all ***successfully utilized the very process they claim***

***is discriminatory and inaccessible and obtained reductions or refunds*** in their respective property tax assessments. Absent any injury, Plaintiffs lack standing to bring this suit.

For standing to bring an FHA claim, Plaintiffs must also "allege distinct and palpable injuries that are fairly traceable to [defendants'] action." *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 424 (2d Cir. 1995). To do so, Plaintiffs must "claim[] to have been injured by a discriminatory housing practice *or* believe[] [they] will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i). Where a plaintiff seeks injunctive relief, "abstract injury is not enough; rather, the injury or threat of injury must be real and immediate, not conjectural or hypothetical." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (citations and quotations omitted). Here, Plaintiffs do not claim to have been injured in any manner and cannot plausibly claim that they face a threat of injury, given that they have demonstrated their ability to successfully navigate the very processes they now allege are discriminatory.

Having suffered no ascertainable injury and unable to claim "the denial of equal treatment resulting from the imposition of [a] barrier" in light of their successful multiple appeals of their own property tax assessments, Plaintiffs' claims for violation of the Equal Protection Clause must fail. *Gratz v. Bollinger*, 539 U.S. 244, 262 (2003). This Court has held that when state action "leaves [a plaintiff] no worse off," a plaintiff lacks standing for an equal protection claim because "[s]uch a result would eliminate the injury-in-fact requirement for standing in equal protection cases entirely." *Youth Alive v. Hauppauge Sch. Dist.*, No. 08-cv-1068, 2012 U.S. Dist. LEXIS 148086, at *15 (E.D.N.Y. Oct. 12, 2012).

Plaintiffs' claims for violations of the Due Process Clause fare no better. For standing to bring a due process claim, Plaintiffs must have had "actual or threatened injury as a result of the allegedly inadequate process." *Stern v. City of N.Y.*, No. 17-cv-4973, 2019 U.S. Dist. LEXIS 50518, at *10 (E.D.N.Y. Mar. 25, 2019). That is not the case here, since all three Plaintiffs successfully challenged their own property tax assessments.

Accordingly, the Complaint must be dismissed on jurisdictional and/or standing grounds. If the Complaint is not dismissed, Defendants will seek leave for bifurcated class discovery under Fed. R. Civ. P. 23(c)(1)(A), which requires class certification to be decided "[a]t an early practicable time." We look forward to addressing these matters at the pre-motion conference.

          Respectfully Submitted,

          JARED A. KASSCHAU
          NASSAU COUNTY ATTORNEY

          BY: s/Laurel R. Kretzing
          Laurel R. Kretzing
          Deputy County Attorney

cc: All Counsel (via ECF)