**KIRBY McINERNEY LLP**

250 Park Avenue, Suite 820
New York, NY 10177
Tel. 212.371.6600
Fax. 212.699.1194
WWW.KMLLP.COM
Of counsel
  Roger W. Kirby
  Alice McInerney

August 2, 2019

**VIA ECF**

The Honorable LaShann DeArcy Hall, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4H North
Brooklyn, New York 11201

      Re:    *Hall v. Nassau County*, No. 19 Civ. 893 (LDH-CLP)

Dear Judge DeArcy Hall:

      Our law firm represents the Plaintiffs and proposed class in this action. Pursuant to Rule III.A.5 of Your Honor's Individual Practices, Plaintiffs oppose Defendants' pre-motion letter for a motion to dismiss. *See* Defs.' Pre-Mot. Letter ("Defs.' Letter"), ECF No. 17.

**1.**      **This Court Has Subject Matter Jurisdiction over This Dispute**

      The Tax Injunction Act, 28 U.S.C. § 1341 ("TIA"), does not preclude this Court's jurisdiction over this case. Defendants' own cases explain why. *First*, the TIA applies only if "this suit implicates . . . any of the [TIA]'s underlying purposes," which is not the case here. *Hibbs v. Winn*, 542 U.S. 88, 94 (2004). Defendants admit that the TIA's purpose is to "stop taxpayers…from withholding large sums, thereby disrupting state government finances." Defs.' Letter, at 2. The current Nassau County Executive even admitted that Defendants' "[in]defensible" policies *did not* increase tax revenue but rather, "unfair[ly] shift[ed] [] the tax burden." Compl. ¶¶ 10, 171, 174, ECF No. 1. Plaintiffs seek to shift it back by undoing those policies. *See id.* ¶ 182. Moreover, Plaintiffs *expressly disclaim* seeking an injunction "to stop the tax collector" while the case is pending, which the TIA bars, as that would "empty[] state coffers." *Hibbs*, 542 U.S. at 104, 108-09; *see* Compl. ¶¶ 180-81. Furthermore, a remedy that merely "redistribute[s] the tax burden," *id.* ¶ 182, does not reduce revenue. Redistribution *maintains* revenue, and in any event, the "County predetermines th[at] amount." *Id.* ¶ 70. Thus, the TIA's purpose is not implicated, so the TIA does not apply. *See Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 433-34 (1999) ("[A] suit to collect a tax [] surely . . . does not fit the [TIA.]"); *see Hibbs*, 542 U.S. at 104, 108-09.

      *Second*, assuming *arguendo* that the TIA's purpose were implicated, Defendants' assertion that "New York State courts provide a more-than-sufficient forum for Plaintiffs" is based on an inapposite case. Defs.' Letter, at 2 (citing *Miller v. N.Y. Div. of Tax Appeals*, 480 F. Supp. 2d 574, 579 (E.D.N.Y. 2007) (finding state tax refund procedure, which is unavailable for real property tax, adequate for individual, *pro se* plaintiff's claim for tax credit)).

**Kirby McInerney LLP**

Hon. LaShann DeArcy Hall
August 2, 2019
Page 2

*Third*, even assuming *arguendo* that the TIA bars the injunctive relief sought, it does not apply to claims for damages, so those claims should proceed in any event.

*United States v. County of Nassau*, 79 F. Supp. 2d 190 (E.D.N.Y. 2000) does not compel a contrary result. That suit was not a class action (see discussion below) and was decided prior to *Hibbs*, which limited the TIA's applicability to taxes that discriminate against protected classes. Moreover, in *County Cty. of Nassau*, a state court case "mirror[ing] the complaint" was already pending, so the court found that a sufficient state remedy existed. 79 F. Supp. 2d at 192.

Defendants' comity argument fares no better. *See* Defs.' Letter, at 2. Defendants rely on *Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010) (distinguishing *Hibbs*), which *lists factors* that make comity inappropriate here.[1] *First*, the tax at issue here is not for "commercial activity" but rather, for (i) land ownership, which is not a commercial activity,[2] and (ii) *residential* property, which is *non*commercial. *Id.* at 421-22, 431. *Second*, this case involves a racial "classification that attracts heightened judicial scrutiny." *Id.* at 431. *Third*, relatedly, comity prevents "undu[e] interfere[nce] with [] legitimate [State] activities," but racial discrimination is not a legitimate activity, and interference with it is not undue. *Id.* *Fourth*, Plaintiffs are not businesses seeking "to improve their competitive position" but rather, are individuals asserting civil rights. *Id.* *Fifth*, crucially, the injunction "would [not] deplete state coffers." *Id.* at 425; *see also Hibbs*, 542 U.S. at 107 n.9 (emphasis added) ("[Comity] preclude[s] original federal-court jurisdiction *only when* plaintiffs have sought . . . to arrest or countermand state tax collection."), at 109; *Acker*, 527 U.S. at 433-34. *Sixth*, Plaintiffs are not challenging the relationship of their own assessments to true market value but rather, are third parties challenging the underassessments of white-owned properties relative to true market value. *See Levin*, 560 U.S. at 431; *Hibbs*, 542 U.S. at 108; Compl. ¶ 189.

*Eighth*, state remedies are inadequate here. First, as discussed, "the TIA does not constrain the[] remedial options" that Plaintiffs seek, so state law would *not* have more remedial options than this Court. *Levin*, 560 U.S. at 431-32. Second, to the contrary, it is *state* law that constrains Plaintiffs' remedies by prohibiting class actions against the government. *See, e.g.*, *Brady v. State of New York*, 576 N.Y.S.2d 896 (N.Y. App. Div. 1991) (applying prohibition to class action claims challenging validity of state tax). Class relief is essential here. *See* Stephen Berry, *A Federal Forum for Broad Constitutional Deprivation by Property Tax Assessment*, 65 Cal. L. Rev. 828 (1977). Because property tax liability is apportioned based on a preset budget, an individual reassessment to reflect a property's true market value is insufficient to provide relief if many other properties (particularly the most valuable ones) are artificially underassessed, as is the case here. *See* Compl. ¶ 192. Comity is wholly inappropriate here.

---

[1] These distinctions apply to the other comity cases that Defendants cite: *Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428 (2d Cir. 1989), and *Four K. Grp., Inc. v. NYCTL 2008-A Tr.*, Nos. 12 Civ. 2135, 12 Civ. 3172, 2013 WL 1562227 (E.D.N.Y. Apr. 15, 2013).

[2] Whereas commercial activity requires a transaction, maintaining property is the absence of a transaction.

**Kirby McInerney LLP**

Hon. LaShann DeArcy Hall
August 2, 2019
Page 3

### 2. Plaintiffs Have Standing

Defendants' assertions regarding standing are also baseless. First, our understanding is that not all Plaintiffs have filed grievances since 2010, when the County's settlement policy first went into effect. Those who did not file clearly have standing.

Second, to the extent that some Plaintiffs filed grievances since 2010, they did not file every year as many homeowners did. *See, e.g.*, Compl. ¶ 92 ("Many property owners filed grievances for consecutive years. . . [, including] 27,431 properties for six consecutive years."). Those Plaintiffs suffered damages due to the County's policy, unbeknownst to them, of settling virtually all grievance proceedings, even of serial filers. Had they known of that policy, they would have filed every year. *See id.* Those who filed every year obtained repeated reductions in their tax liabilities to their benefit and to the detriment of all those who were not serial filers.

Finally, even assuming *arguendo* that contrary to the facts, all Plaintiffs filed grievances and received property tax reductions for each year during the relevant period, Plaintiffs *still* would have standing. As noted above, reductions to the assessments of Plaintiffs' properties are not sufficient to provide relief. The budget is apportioned among taxpayers, so the unscientific reductions given to other taxpayers, particularly wealthy, serial filers, shifted an excessive tax burden to Plaintiffs anyway. Furthermore, Plaintiffs were independently harmed by the January 2010 assessment freeze beginning on January 7, 2010, which artificially suppressed property assessments in wealthier areas relative to the market values of those properties for nearly a decade. *See* Compl. ¶¶ 67-77. Accordingly, all Plaintiffs have standing.

Respectfully submitted,

David A. Bishop
**KIRBY McINERNEY LLP**
250 Park Avenue, Suite 820
New York, NY 10177
Tel.: (212) 371-6600
Fax: (212) 699-1194
E-mail: dbishop@kmllp.com

*Counsel for Plaintiffs and Proposed Class*