# EXHIBIT 2

1

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------x
                                          19-CV-893(LDH)
HALL, et al.,
                                          United States Courthouse
          Plaintiff,                      Brooklyn, New York

          - versus -                      September 12, 2019
                                          10:00 a.m.
NASSAU COUNTY, et al.,

          Defendants.

------------------------------x

     TRANSCRIPT OF CIVIL CAUSE FOR PREMOTION CONFERENCE
         BEFORE THE HONORABLE LASHANN DEARCY HALL
                UNITED STATES DISTRICT JUDGE


APPEARANCES

Attorney for Plaintiff:   KIRBY McINERNEY LLP
                          250 Park Avenue
                          New York, New York 10177
                          BY:  ANDREW MCNEELA, ESQ.
                               DAVID BISHOP, ESQ.
                               SETH SHAPIRO, ESQ.


Attorney for Defendant:   WOLF HALDENSTEIN ADLER
                          FREEMAN & HERZ LLP
                          270 Madison Avenue
                          New York, New York 10016
                          BY:  REGINA M. CALCATERRA, ESQ.
                               DANIEL TEPPER, ESQ.
                               VERONICA BOSCO, ESQ.


Court Reporter:           RIVKA TEICH CSR, RPR, RMR, FCRR
                          Phone:  718-613-2268
                          Email:  RivkaTeich@gmail.com

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.
```

Rivka Teich CSR, RPR, RMR, FCRR
Official Court Reporter

PREMOTION CONFERENCE

1            THE COURT:  Intent is not the question, it's impact.
2    Because I could care less, personally, whether or not the
3    intent was to discriminate against all of these poor brown and
4    black people.  My question is, is the tax scheme from 2010 to
5    2017 reminiscent of the one that has a discriminatory impact
6    of these poor folks of color.
7            MS. CALCATERRA:  It is reminiscent of that.
8    However, what the plaintiffs are alleging is that because
9    people -- two classifications that they use.  They use a white
10   census track and the non-white census track.  According to the
11   census, the definition of a white census track is when more
12   than 50 percent of the home owners or residences there are
13   white.  And they use the term minority census track for the
14   census track where over 50 percent of the residents there are
15   minorities as well.
16           But what we have in Nassau County is many people who
17   don't file for tax assessments.  It's not just those in
18   minority census tracks.  We have plenty of folks who don't
19   file minority census track.  We have white homeowners living
20   in a white census track as well that don't file.
21           The disparity between those who are able to get
22   refunds is basically based upon who is filing and who is not
23   filing.
24           What we're doing is the defendants are actually
25   seeking to file a motion to dismiss that is based upon two

1 went and get money back.  That the county is actually

2 responsible for the entire amount of that refund.

3         It's not as if they have $1.7 billion sitting around

4 that the plaintiffs believe that the district

5 disproportionately applied, because they asked for $1.7

6 billion in damages  That money that they are saying that could

7 be transferred over to the plaintiffs to pay for the recover

8 in this, is actually going to have a significant impact upon

9 the cash flow of Nassau County.

10        THE COURT:  Any time a county has to pay damages,

11 it's going to have an impact.  I guess I'm not following your

12 argument as to why it is that it makes the plaintiffs'

13 argument with respect to the relief sought in this case and

14 its implication with respect to a taxation scheme.  Yes, there

15 will be a consequence.  Any time a county has to come up with

16 money from its budget to pay damages in any case, it has an

17 impact on its budget.  That's effectively what you told me, it

18 will impact the budget.

19        MS. CALCATERRA:  Yes, but it goes back to what Hibbs

20 stated, that the TIA requires that federal courts don't have

21 jurisdiction.  If there are going to be changes in a

22 Government-issued tax assessment, which is what this is here,

23 and that those cases should be heard in state court.  And that

24 particular Hibbs case that --

25        THE COURT:  I have to stop you.  I want to make sure

PREMOTION CONFERENCE

1          MR. McNEELA:  That is Thanksgiving.

2          THE COURT:  Go to the following week.

3          COURTROOM DEPUTY:  December.

4          THE COURT:  An extra week from whatever that
5   Thursday is.

6          COURTROOM DEPUTY:  December 5.

7          THE COURT:  That makes more sense.  Those are reply
8   dates.  Fifteen pages on a reply.

9          Can I just tell you some pet peeves of mine.  Don't
10  cite cases without a parenthetical.  If I don't have an idea
11  why you cite a case, it will irritate me.  I guess that's it.

12         You guys know what I care about.  I think some of
13  the other issues that were raised are less problematic for me.
14  I'm going to be honest, I didn't think that your standing
15  argument was persuasive.  Again, I'm here for it, I'll read
16  it.  The comity issue and the subject matter jurisdiction
17  issue.  There was another though, am I missing one?

18         MR. McNEELA:  And standing.

19         THE COURT:  That was it.  Please don't spend forever
20  on standing.

21         MS. CALCATERRA:  We did reserve an opportunity to
22  respond to the factual allegations as well.

23         THE COURT:  Responding to the factual allegations
24  for the purposes of -- I'm going to accept them as true.
25  Except for the subject matter jurisdiction issue, on that I