| LAURA CURRAN | | JARED A. KASSCHAU |
| --- | --- | --- |
| County Executive | | County Attorney |



**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**

October 26, 2020

<u>**VIA ECF**</u>

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4H North
Brooklyn, New York 11202

    Re:   *Hall v. Nassau County*, No. 2:19-cv-893-LDH-CLP (E.D.N.Y.)

Dear Judge Hall:

    I represent the defendants in the above referenced matter ("Defendants"), and am writing in response to a letter filed by Plaintiffs on October 22, 2020. Plaintiffs' letter annexed the Seventh Circuit's decision in *A.F. Moore & Assocs. Inc. v. Pappas*, 948 F.3d 889 (7th Cir. 2020). While Plaintiffs suggest the decision in *A.F. Moore* related to the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA"), supports their opposition to Defendants' motion to dismiss, it does not. *A.F. Moore* concerned far different facts than in *Hall*, as discussed below. In *A.F. Moore*, the plaintiffs were completely unable to litigate their constitutional equal protection claim in Illinois state court because of state law which prevented the state court from considering the tax assessor's intent in considering tax objections, and also prevented the plaintiffs from naming the tax assessor as a defendant in state court. In fact, the defendants in that case conceded that the plaintiffs could not bring their constitutional claim in state court as a result of the state law's limitations. The Court noted that the defendants' concessions in the case "make a potentially complex issue a great deal simpler." *A.F. Moore*, 948 F.3d at 896. The Court also stated that *A.F. Moore* was a "rare case in which taxpayers lack an adequate state-court remedy." *Id.* at 891. W

    By contrast, in *Hall*, Plaintiffs make quite a different claim – that they will be unable to effectively litigate their case in state court because they assume they will not be able to (1) proceed with a class action as a result of the government operations rule and (2) present evidence of properties beyond those in their immediate vicinity. However, none of Plaintiffs' arguments in relation to the alleged insufficiency of state level processes have been conceded by Defendants as they were in *A.F. Moore.* To the contrary, Defendants have set out the reasons why Plaintiffs' arguments on these points fail in Defendants' motion to dismiss

briefing.[1] In particular, it is not certain whether or not the government operations rule will, in fact, prevent Plaintiffs to proceed as a class in state court. Further, to even be considered for class certification Plaintiffs must satisfy the stringent requirements for class certification, including numerosity, commonality, typicality, and adequacy of the named representatives. In addition, if Plaintiff litigates in state court, the state court judge would retain the discretion to consider evidence of properties outside Plaintiffs' immediate vicinity, if appropriate. Unlike in *A.F. Moore*, *Hall* is not a case where Plaintiffs lack an adequate forum to litigate their claims at state the level. Therefore the Seventh Circuit's decision in *A.F. Moore*, which is non-binding on this court, offers no support to Plaintiffs in *Hall*.

Defendants also respectfully seek to draw the Court's attention to a summary order issued by the Second Circuit on October 19, 2020 in *MLB Enters. v. New York State Dep't of Taxation & Fin.*, 2020 U.S. App. LEXIS 32898 (2d Cir. 2020) (Summary Order) related to the TIA's subject matter jurisdiction requirement. A copy of that order is attached to this letter as Exhibit A. In the order, the Second Circuit upheld the Southern District of New York's dismissal of a federal lawsuit brought by the plaintiffs challenging an assessment of sales tax. The Second Circuit reaffirmed that plain, speedy and efficient remedies are available at state level in New York. As such, under the TIA, and in accordance with the principle of comity, the federal court had no subject matter jurisdiction over the dispute in that case.

As the Court is aware, Defendants in *Hall* argued in support of their motion to dismiss that Plaintiffs' complaint be dismissed because this Court lacks subject matter jurisdiction under the TIA and due to the principle of comity. The Second Circuit's recent decision in *MLB Enterprises, Corp.* serves to support Defendants' position.


Respectfully submitted,


*/s/ Laurel R. Kretzing*
Laurel R. Kretzing


cc: All counsel of record, via ECF

---

[1] Defendants' Reply Memorandum of Law in Further Support of Motion to Dismiss Class Action Complaint, filed in *Hall, et al. v. Nassau County,. et al*, No. 2:19-cv-00893 (E.D.N.Y.), at 6-9.

**EXHIBIT A**


# MLB Enters. v. New York State Dep't of Taxation & Fin.

United States Court of Appeals for the Second Circuit

October 19, 2020, Decided

20-993

**Reporter**

2020 U.S. App. LEXIS 32898 *

**MLB ENTERPRISES**, CORP., Plaintiff-Appellant, v. NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE. Defendants-Appellees.

**Notice:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Prior History: [*1]** Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, J.).

*MLB Enters. v. New York State Dep't of Taxation & Fin., 2020 U.S. Dist. LEXIS 32740, 2020 WL 917257 (S.D.N.Y., Feb. 26, 2020)*

HOLDINGS: [1]-The district court did not err in finding the Tax Injunction Act (TIA), *28 U.S.C.S. § 1341*, prevented the court from exercising subject matter jurisdiction and, as such, prohibited the court from entertaining plaintiff's action because plaintiff sought a declaratory judgment that the tax assessments against it were invalid and an injunction barring New York from enforcing its tax law, which plainly constituted the type of interference in state court proceedings that the TIA was meant to prevent; plaintiff could seek judicial review of the Tax Tribunal's decision in a N.Y. C.P.L.R. art. 78 proceeding in New York state court and could also seek declaratory relief in state court.

**Outcome**
Judgment affirmed.

## LexisNexis® Headnotes

## Core Terms

scrip, speedy, Injunction, declaratory

## Case Summary

**Overview**

Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > Appeals > Standards of Review > Questions of Fact & Law

Civil Procedure > ... > Responses > Defenses,

Demurrers & Objections > Motions to Dismiss

*HN1*[ ] **Standards of Review, Clearly Erroneous Review**

On appeal from a judgment dismissing a suit for lack of subject matter jurisdiction, an appellate court reviews a district court's factual determinations for clear error, and legal conclusions de novo.

Civil Procedure > ... > Federal & State Interrelationships > Anti-Injunction Act > Tax Anti-Injunction Act

Tax Law > Federal Tax Administration & Procedures > Tax Injunction Act

Governments > Courts > Judicial Comity

*HN2*[ ] **Anti-Injunction Act, Tax Anti-Injunction Act**

The Tax Injunction Act provides that federal courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State. *28 U.S.C.S. § 1341*. This prohibition is jurisdictional and operates to strip the federal courts from exercising subject matter jurisdiction over claims for both declaratory and injunctive relief. An analogous prohibition extends to claims for damages under *42 U.S.C.S. § 1983* through the principle of comity.

Civil Procedure > ... > Federal & State Interrelationships > Anti-Injunction Act > Tax Anti-Injunction Act

Tax Law > Federal Tax Administration & Procedures > Tax Injunction Act

*HN3*[ ] **Anti-Injunction Act, Tax Anti-Injunction Act**

New York provides a plain, speedy and efficient remedy within the meaning of the Tax Injunction Act. A state provides taxpayers with plain, speedy and efficient relief where the available state-court procedures satisfy certain minimal procedural criteria, including a full hearing and judicial determination at which a taxpayer may raise any and all constitutional objections to the tax. The United States Supreme Court has previously concluded that New York's procedures for challenging tax assessments meet the plain, speedy and efficient standard.

Tax Law > State & Local Taxes > Sales Taxes > Exempt Sales

Tax Law > State & Local Taxes > Use Taxes > Limitations on Tax

*HN4*[ ] **Sales Taxes, Exempt Sales**

*N.Y. Tax Law § 1138(a)(4)* does not apply to officers, directors, or employees of corporations.

Tax Law > State & Local Taxes > Administration & Procedure > Assessments

*HN5*[ ] **Administration & Procedure, Assessments**

New York courts make an exception to the requirement that taxpayers make exclusive use of the administrative process when a tax statute is alleged to be unconstitutional, by its terms or application, or where the statute is attacked as wholly inapplicable.

**Counsel:** For Plaintiff-Appellant: JENNIFER M. KINSLEY, Kinsley Law Office (Daniel A. Silver, Silver & Silver LLP, New Britain, CT, on the brief), Cincinnati, Ohio.

For Defendants-Appellees: CAROLINE A. OLSEN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Steven C. Wu, Deputy Solicitor General, on the brief), for LETITIA JAMES, Attorney General for the State of New York.

**Judges:** Present: DEBRA ANN LIVINGSTON, Chief Judge, DENNY CHIN, Circuit Judge, KATHERINE POLK FAILLA, District Judge.[*]

---

[*] Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

# Opinion

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant *MLB Enterprises*, Corp. ("MLB") appeals from a February 26, 2020 decision of the district court dismissing its complaint for lack of subject matter jurisdiction pursuant to *Federal Rule of Civil Procedure 12(b)(1)*. We affirm the district court's dismissal and conclude that the *Tax Injunction Act ("TIA"), 28 U.S.C. § 1341*, prevented the district court from exercising subject matter jurisdiction over this matter. *HN1*[↑] On appeal from a judgment dismissing a suit for lack of subject matter jurisdiction, **[*2]** we review a district court's factual determinations for clear error, and legal conclusions de novo. *Lotes Co. v. Hon Hai Precision Indus. Co., 753 F.3d 395, 403 (2d Cir. 2014)*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## 1. Background & Prior Proceedings

MLB brought suit in the court below against the New York State Department of Taxation and Finance ("NYSDTF") and its Commissioner (collectively, "Defendants-Appellees") on May 22, 2019, challenging MLB's assessment for several million dollars in unpaid taxes and seeking declaratory and injunctive relief. MLB disputes its assessment pertaining to its strip club, "Lace," which it owned and operated until the club closed in 2018. At the crux of its dispute is an alternative currency called "scrip," which patrons of Lace would use to tip dancers who performed at the club. Scrip was sold at Lace for purchase with a credit card, which had the benefit of avoiding ATM limits. MLB contracted with Metro Enterprises Corp. ("Metro") to facilitate the sale of scrip. Neither MLB nor Metro reported the sale of scrip in its gross taxable receipts and instead both claim to have treated the scrip as "gratuities belonging to the entertainers."

NYSDTF **[*3]** conducted an audit of Lace's operations for the period beginning March 1, 2010 and extending through February 28, 2014. NYSDTF determined that MLB "had underreported amounts received for 'party room' rentals, bar sales, coat check and general door admissions, and had not remitted sales tax for transactions conducted in 'scrip.'" The auditors also found that MLB had not maintained records demonstrating that it ultimately remitted to its dancers the money received in relation to purchases of scrip. On December 1, 2016, NYSDTF issued Notices of Determination indicating that MLB and Anthony Capeci, MLB's president and sole corporate officer, owed several million dollars in unpaid taxes, penalties, and interest. The NYSDTF considered Capeci jointly liable with MLB for the full amount as an "Officer/Responsible Person" under *§§ 1138(a)*, *1131(1)*, and *1133* of the New York Tax Law.

After a hearing before the Bureau of Conciliation and Mediation Services, MLB and Capeci appealed the Notices of Determination through New York State's administrative tax appeal process. On March 23, 2019, MLB and Capeci submitted petitions requesting review by the Division of Tax Appeals. An evidentiary hearing was held before an ALJ **[*4]** on January 29, 2020, and a separate evidentiary hearing was set for Capeci in September 2020.

While these state administrative proceedings were pending, MLB filed this action below, challenging the tax assessments under *42 U.S.C. § 1983* and *N.Y. C.P.L.R. § 3001*. Seeking a declaratory judgment that the tax assessments were invalid and an injunction barring their enforcement, MLB argued that scrip sales and rental party room charges are not taxable under New York law. MLB also argued that taxing the sale of scrip violates its due process rights under the *Fourteenth Amendment* and the New York State Constitution because it would require it to retain entertainers' tips in violation of the *Fair Labor Standards Act*, and the New York Labor Law. On July 26, 2019, the Defendants-Appellees filed a motion to dismiss for lack of subject matter jurisdiction, which the district court granted on February 26, 2020.

## 2. The Tax Injunction Act

*HN2*[↑] The TIA provides that federal courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *28 U.S.C. § 1341*. This prohibition is jurisdictional and operates to strip the federal courts from exercising subject **[*5]** matter jurisdiction over claims for both declaratory and injunctive relief. *See*

*Bernard v. Village of Spring Valley, 30 F.3d 294, 297 (2d Cir. 1994)*. An analogous prohibition extends to claims for damages under 42 U.S.C. § 1983 through the principle of comity. *See Long Island Lighting Co. v. Town of Brookhaven, 889 F.2d 428, 431 (2d Cir. 1989)* (noting that there is "no significant difference" between the "'plain, speedy and efficient' standard set forth in the [TIA] and the 'plain, adequate, and complete' standard governing comity" (quoting *Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 116 n.8, 102 S. Ct. 177, 70 L. Ed. 2d 271 (1981))*).

MLB is seeking a declaratory judgment that the tax assessments against it are invalid and an injunction barring New York from enforcing its tax law. Therefore, its suit plainly constitutes the type of interference in state court proceedings that the TIA is meant to prevent. *See Entergy Nuclear Vt. Yankee, LLC v. Shumlin, 737 F.3d 228, 234 (2d Cir. 2013)* (noting that the TIA aims to "prevent[] the federal judiciary from interfering with the state collection of revenues"). MLB's position is that the TIA does not apply because no remedy in New York state court "[is] actually available to [it]." We reject the contention.

HN3[ ] New York provides a "plain, speedy and efficient" remedy within the meaning of the TIA. A state provides taxpayers with "plain, speedy and efficient" relief "where the available state-court procedures satisfy certain 'minimal procedural criteria,' including a 'full hearing [*6] and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax.'" *Entergy Nuclear, 737 F.3d at 233-34* (alteration in original) (quoting *Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 512, 514, 101 S. Ct. 1221, 67 L. Ed. 2d 464 (1981))*. The Supreme Court has previously concluded that New York's procedures for challenging tax assessments meet the "plain, speedy and efficient" standard. *See Tully v. Griffin, Inc., 429 U.S. 68, 74-77, 97 S. Ct. 219, 50 L. Ed. 2d 227 (1976)*; *see also Long Island Lighting Co., 889 F.2d at 431* ("Because New York provides several remedies which afford [the taxpayer] an opportunity to raise all constitutional objections to the real property taxes imposed, . . . the Tax Injunction Act bar[s] access to federal court.").

Here, MLB can seek judicial review of the Tax Tribunal's decision in an Article 78 proceeding in New York state court. N.Y. Tax Law §§ 1138(a)(4), 2016. MLB argues that it cannot bring such a proceeding because it does not have the financial means to make prepayment or post a bond as required to begin an Article 78 proceeding, N.Y. Tax Law § 1138(a)(4). HN4[ ] But even assuming *arguendo* that this claim is relevant to its challenge to New York's procedures, New York's statutory requirement does not apply to officers, directors, or employees of corporations. *Id.* Therefore, Capeci—who is jointly liable for the same assessments as MLB—could himself bring an Article 78 proceeding. *See Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd., 493 U.S. 331, 339, 110 S. Ct. 661, 107 L. Ed. 2d 696 (1990)* ("[Taxpayers'] inability to bring [*7] state-court challenges in their own names is not determinative where, as here, they control entities that can bring such challenges. To rule otherwise would be to elevate form over substance.").

HN5[ ] Further, MLB can also seek declaratory relief in state court. *See Bankers Tr. Corp. v. N.Y.C. Dep't of Fin., 1 N.Y.3d 315, 321, 805 N.E.2d 92, 773 N.Y.S.2d 1 (2003)* (explaining that New York courts make an exception to the requirement that taxpayers make "exclusive" use of the administrative process when a tax statute is "alleged to be unconstitutional, by its terms or application, or where the statute is attacked as wholly inapplicable" (quotation marks omitted)). While MLB argues otherwise, it points to a case that did not involve constitutional claims. *See Metro Enters. Corp. v. Dep't of Taxation & Fin., 171 A.D.3d 1377, 98 N.Y.S. 3d 652 (2019)*. The other case on which it relies, *Dennis v. 44th Enters. Corp., 2019 N.Y. Misc. LEXIS 4506, 2019 WL 3802394 (Sup. Ct. N.Y. Cty.)*, does not shake our view that New York state courts offer a "plain, speedy and efficient" remedy for constitutional claims. The supreme court in *Dennis* did reach the merits of the plaintiff's complaints, finding that "[i]n any event, [the NYSDTF] is not . . . violating the constitutional rights of the defendants-stakeholders by requiring them to violate the New York Labor Law in order to comply with the Tax Law." *2019 N.Y. Misc. LEXIS 4506, [WL] at *9* (alterations and quotation marks omitted). Further, *CMSG Restaurant Group, LLC v. State of New York, 145 A.D.3d 136, 141, 40 N.Y.S.3d 412 (N.Y. App. Div. 2016)*, remains good [*8] law. *See id.* ("[B]ecause plaintiffs challenge the tax laws as unconstitutional . . . these claims are not limited by an exclusive administrative remedy . . . ."). Accordingly, MLB provides no reason to conclude that New York lacks a "plain, speedy and efficient" remedy for purposes of the TIA. Therefore, the district court did not err in finding that it was prohibited from entertaining MLB's action.

* * *

We have considered MLB's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM**

the judgment of the district court.

---

**End of Document**