

**KIRBY McINERNEY LLP**

250 Park Avenue, Suite 820, New York, NY 10177

Tel. 212.371.6600   Fax. 212.751.2540

WWW.KMLLP.COM

October 28, 2020

**VIA ECF**

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4H North
Brooklyn, New York 11201

      Re:    *Hall v. Nassau County*, No. 2:19-cv-893-LDH-CLP (E.D.N.Y.)

Dear Judge Hall:

      We represent the plaintiffs ("Plaintiffs") in the above-referenced putative class action. We write respectfully in response to the October 26, 2020 letter of the defendants ("Defendants"). *See* ECF No. 41 ("Def. Ltr."). In their letter, Defendants: (i) attempt to distinguish the Seventh Circuit's recent decision in *A.F. Moore & Assocs., Inc. v. Pappas*, 948 F.3d 889 (7th Cir. 2020), which Plaintiffs discussed in their October 22, 2020 letter, ECF No. 39; and (ii) argue that the Second Circuit's Summary Order in *MLB Enters. v. New York State Dep't of Taxation & Fin.*, 2020 U.S. App. LEXIS 32898 (2d Cir. 2020), establishes that New York State courts provide a plain, speedy, and efficient remedy for Plaintiffs' claims. Defendants are wrong on both scores.

      *First*, Defendants argue that *A.F. Moore* is inapposite because unlike in that case – in which the state court's evidentiary and procedural bars indisputably prevented the plaintiffs from fully challenging the local property tax scheme – here, "*it is not clear* whether or not the" impediments that Plaintiffs have identified will apply. Def. Ltr. at 2 (emphasis added). Defendants, however, misstate the applicable legal standard for assessing the adequacy of the state court remedy under the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA"), and the principle of federal-state comity. As explained in Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss at 20 ("Pl. Opp. Br."), ECF No. 31, a state court remedy is not plain, speedy, and efficient if it is *uncertain* whether the plaintiff could fully pursue the precise relief sought in that forum.[1] Thus, by admitting that it is *not clear* whether the procedural and evidentiary bars that Plaintiffs identified are applicable – rather than providing a full-throated and unequivocal rejection of their

---

[1] *See Franchise Tax Bd. of California v. Alcan Aluminium, Ltd.*, 493 U.S. 331, 340 (1990) (citing *California v. Grace Brethren Church*, 457 U.S. 393, 414 n.31 (1982)) ("[A] remedy that is uncertain or speculative is not adequate to bar federal jurisdiction[.]"); *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, 737 F.3d 228, 234 (2d Cir. 2013) (quoting *Rosewell v. La Salle Nat'l Bank*, 450 U.S. 503, 517 (1981)) ("The condition that lifts the bar to federal jurisdiction is 'uncertainty' that the remedy offers the opportunity to seek adequate relief.").


applicability – Defendants have conceded that it is uncertain whether Plaintiffs can obtain the full relief that they seek in the state forum. *See* Def. Ltr. at 2; *see also* Def. Reply Mem. of Law in Further Supp. of Mot. to Dismiss, ECF No. 34, at 7 (admitting that whether "the government operations rule applies to Plaintiffs' claims [] *is uncertain*") (emphasis added). That uncertainty is all that is necessary to remove the instant case from the TIA and comity's ambit.

*Second*, the Second Circuit's Summary Order in *MLB Enterprises* is not remotely on point. That case did not involve a challenge to one of New York's *local property tax* assessment schemes but rather, concerned a challenge to New York State's *sales tax* scheme in the context of a "strip club['s]" sale of alternative currency. 2020 U.S. App. LEXIS 32898, at *2. That the Second Circuit found that New York State courts provide an adequate remedy for the plaintiffs to fully raise all of their challenges to the *sales tax* at issue says nothing about whether New York State courts could provide full relief in connection with Plaintiffs' specific challenges to Nassau County's *property tax* assessment scheme. Indeed, it is notable that Defendants do not even attempt to draw any parallels between those two completely different scenarios beyond *ipse dixit*.

Moreover, the differences between the two tax schemes support Plaintiffs' position. New York does not predetermine sales tax revenue, so taxpayers' sales tax liability can be assessed independently of each other.[2] However, Nassau County predetermines property tax revenue, so each taxpayer's property tax liability is proportional based on the taxable property value of all similarly classified properties in the county. *See* Pl. Opp. Br. at 4. Therefore, a property assessment scheme that grossly underassesses property values in certain communities, as Plaintiffs allege, affects the property tax liability of homeowners throughout the county. For that reason, the adequacy of state court relief for sales tax claims, as found in *MLB Enterprises*, is irrelevant to Plaintiffs' property tax claims, which require class-wide evidence and relief.

We thank the Court for its consideration of these matters.

Respectfully submitted,

*/s/ Andrew M. McNeela*
Andrew M. McNeela

cc: All counsel of record (via ECF)

---

[2] *See* N.Y. State Div. of the Budget, *FY 2021 Enacted Budget Financial Plan* at 80 (2020) (emphasis added) ("All Funds consumption/use tax receipts for FY 2021 are *estimated* to decrease significantly from FY 2020 results."), https://www.budget.ny.gov/pubs/archive/fy21/enac/fy21-enacted-fp.pdf.