

KIRBY McINERNEY LLP
250 Park Avenue, Suite 820, New York, NY 10177
Tel. 212.371.6600  Fax. 212.751.2540
WWW.KMLLP.COM

October 8, 2021

**VIA ECF**
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4H North
Brooklyn, NY 11201

   Re: *Hall v. Nassau County*, No. 19 Civ. 893 (LDH) (CLP) (E.D.N.Y.)

Dear Judge DeArcy Hall:

  We represent the plaintiffs ("Plaintiffs") in the above-referenced putative class action. We write respectfully to provide the Court with supplemental authority pertinent to certain issues raised in Defendants' pending motion to dismiss (namely, the Tax Injunction Act ("TIA") and comity),[1] as well as the Court's March 24, 2021 Order (namely, mootness).[2]

  *First*, the Second Circuit's recent decision in *Dorce v. City of New York*, 2 F.4th 82 (2d Cir. 2021), which is annexed hereto as Exhibit A, is relevant to Plaintiffs' argument that the TIA and comity considerations do not require dismissal of their claims for monetary damages. *See* Plaintiffs' Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("P. Br."), ECF No. 31, at 22-26.

  In *Dorce*, the plaintiffs are former property owners whose homes were taken from them pursuant to New York City's Third-Party Transfer ("TPT") Program, which permits the City "to foreclose on properties with overdue taxes and transfer ownership of those properties free of charge to designated partners . . . ." *Dorce*, 2 F.4th at 87. The plaintiffs, who brought claims for, *inter alia*, monetary damages, argued that "the program violate[d] equal protection[] by *disproportionately targeting properties in communities of color* . . . ." *Id.* at 92 (emphasis added). The district court held that such claims were barred by the TIA and comity.

  On appeal, the Second Circuit reversed that ruling and held, consistent with Plaintiffs' arguments in this case, *see* P. Br. at 10-11, 22-27, that: (i) the TIA does not apply to claims for monetary damages, *see Dorce*, 2 F.4th at 97-98; (ii) comity is a prudential abstention doctrine committed to the district court's discretion (and not a facet of subject matter jurisdiction), *see id.*

---

[1] Defendants' motion to dismiss was filed on December 5, 2019. *See* ECF Nos. 26-30. However, prior to that filing, the Court heard argument from the parties on Defendants' primary arguments in support of dismissal at the September 12, 2019 premotion conference. *See* ECF No. 25.

[2] In that Order, the Court requested supplemental briefing from the parties on the issue of whether Plaintiffs' claims for equitable relief are moot.


at 94 & n.15; and (iii) comity did not warrant dismissal where, *inter alia*, the claims at issue were based on racial discrimination that implicated fundamental rights, *see id.* at 100.

*Second*, the decisions in *In re New York City Policing During Summer 2020 Demonstrations*, No. 20 Civ. 8924, 2021 WL 2894764 (S.D.N.Y. July 9, 2021), and *Saba v. Cuomo*, No. 20 Civ. 5859, 2021 WL 1600496 (S.D.N.Y. Apr. 23, 2021), annexed hereto as Exhibits B and C, are pertinent to the Court's inquiry as to whether Defendants' purported cessation of the challenged policies moots Plaintiffs' claims for prospective injunctive relief. *See* March 24, 2021 Order. Both *New York City Policing* and *Saba* held, again consistent with Plaintiffs' arguments here, that a defendant's policy change does not moot equitable relief where the change has not yet been fully implemented. *See New York City Policing*, 2021 WL 2894764, at *5; *Saba*, 2021 WL 1600496, at *5-6; *see also* Plaintiffs' Suppl. Mem. of Law in Further Opp'n to Defs.' Mot. to Dismiss, ECF No. 48, at 1-3.

We thank the Court for its consideration of this letter.

Respectfully submitted,

 */s/ Andrew M. McNeela*
Andrew M. McNeela

(Enclosures)

cc: Counsel of Record (via ECF)