
October 18, 2021

**VIA ECF**

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4H North
Brooklyn, NY 11201

      Re:    *Hall v. Nassau County*, No. 19 Civ. 893 (LDH) (CLP) (E.D.N.Y.)

Dear Judge DeArcy Hall:

    We represent the plaintiffs ("Plaintiffs") in the above-referenced putative class action. We write respectfully in response to the Defendants' October 13, 2021 letter ("Def. Ltr."). *See* ECF No. 53. In their letter, Defendants argue that the supplemental authorities Plaintiffs cited in their October 8, 2021 letter actually support dismissal of this action. Defendants are flat wrong.

    *First*, Defendants' contention that Plaintiffs' claims for prospective injunctive relief are moot because "the challenged assessment practices . . . have ended and a new system has been implemented that Plaintiffs do not dispute resolves their concerns[,]" *see* Def. Ltr. at 2, misrepresents Plaintiffs' allegations as well as the record. Rather, as explained in Plaintiffs' Supplemental Memorandum of Law in Further Opposition to Defendants' Motion to Dismiss, Plaintiffs' equitable claims are not moot because Defendants *have not*, in fact, ceased the challenged practices, which continue to harm Plaintiffs. *See* ECF No. 48 at 1-4.

    *Second*, Defendants' bid to spin the Second Circuit's decision in *Dorce v. City of New York*, 2 F.4th 82 (2d Cir. 2021) – which held that comity *did not* bar the plaintiffs' claims for monetary damages in connection with one of New York City's tax policies – as favoring dismissal, misses the mark. *See* Def. Ltr. at 1-2. Like the plaintiffs in *Dorce*, Plaintiffs here do not challenge Nassau County's ability to collect property taxes, nor do they seek to diminish Nassau County's overall tax levy by a single dollar. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, ECF No. 31, at 12-15; *see also Dorce*, 2 F.4th at 98 ("Since that claim, if successful, would not prevent the City from foreclosing on tax-delinquent properties in the future, *it is difficult to see how it would disrupt the City's tax administration*.") (emphasis added). Nor do Plaintiffs seek a "tax refund," as Defendants repeatedly claim; rather, Plaintiffs seek damages for Defendants' discriminatory practices.

    In any event, even if Plaintiffs sought a tax refund, *Dorce* makes clear that where, as here, the challenged tax policies implicate fundamental rights and/or heightened scrutiny – as is the case


with invidious discrimination – dismissal on comity grounds is not required. *See Dorce*, 2 F.4th at 99-100 (quoting *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 426 (2010)) (discussing "factors identified by the Supreme Court in a pair of seminal cases, *which distinguish between cases where comity controls and those that may proceed in federal court*[,]" and explaining that the first type of exempt cases involve "'classifications subject to *heightened scrutiny or . . . fundamental rights*'") (emphasis added).[1]

Finally, Defendants simply ignore that comity is inapplicable where, as here, the state forum does not provide plain, speedy, *and complete* relief. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, ECF No. 31, at 18-21, 27 (analyzing this requirement, which is common to both the Tax Injunction Act and comity).

We thank the Court for its consideration of this letter.

Respectfully submitted,

*/s/ Andrew M. McNeela*
Andrew M. McNeela

cc:  Counsel of Record (via ECF)

---

[1] Under Defendants' stilted reading of *Dorce*, Nassau County could, for example, enact a 10% property tax surcharge *only on non-white homeowners*, yet avoid any scrutiny in the federal courts for such blatantly discriminatory practices due to comity. But this is simply not the law. Rather, under such circumstances, the "proper respect for state functions" that animates comity, *Levin*, 560 U.S. at 421, is trumped by the federal government's and judiciary's strong interest in addressing state functions that advance invidious discrimination. *See Joseph v. Hyman*, 659 F.3d 215, 219 (2d Cir. 2011); *see also Levin*, 560 U.S. at 431-32 (holding that comity prevents undue interference in the "*legitimate activities* of the State[]" and may be invoked where "the[] suit *does not involve* any fundamental right or classification that attracts heightened judicial scrutiny[]") (emphasis added internal quotation marks omitted); *Lynch by Lynch v. Alabama*, No. 08 Civ. 450, 2011 WL 13186739, at *57 (N.D. Ala. Nov. 7, 2011) ("[When] plaintiffs have asserted claims for discrimination based on race . . . [w]eighing the vital constitutional issues at stake . . . is a task the federal courts are uniquely qualified to perform."), *aff'd in part, vacated in part, remanded on other grounds sub nom. I.L. v. Alabama*, 739 F.3d 1273 (11th Cir. 2014).