

KIRBY McINERNEY LLP
250 Park Avenue, Suite 820, New York, NY 10177
Tel. 212.371.6600  Fax. 212.751.2540
WWW.KMLLP.COM

November 15, 2021

**VIA ECF**

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4H North
Brooklyn, New York 11201

      Re:    *Hall v. Nassau County*, No. 19 Civ. 893 (LDH) (CLP) (E.D.N.Y.)

Dear Judge Hall:

      We represent the plaintiffs ("Plaintiffs") in the above-referenced putative class action, which alleges that Defendant Nassau County's property tax assessment scheme is racially discriminatory. We write respectfully to provide additional information pertinent to the Court's March 24, 2021 Order (the "Order"). In that Order, the Court requested supplemental briefing from the parties on the issue of whether Plaintiffs' claims for equitable relief are moot.[1]

      In their supplemental brief, Plaintiffs argued, *inter alia*, that the Defendants' wrongful property tax assessment policies had not ceased but were ongoing, and that, in any event, the policies at issue were capable of repetition yet evading review. *See* ECF No. 48 at 1-4. Specifically, Plaintiffs noted that the challenged assessment policies – even if they had been fully withdrawn – are subject to the whims of whichever of Nassau County's vying political factions holds power at any given time and can easily be reinstated. *See id.* at 4. As such, Plaintiffs argued that even if Nassau County was, in fact, phasing in a non-discriminatory tax scheme over the course of several years (which itself is deficient), Plaintiffs' claims for equitable relief were not moot.

      Thereafter, in a June 11, 2021 letter, Plaintiffs provided the Court with an article that recounted comments made by Bruce Blakeman, the Republican candidate for the position of Nassau County Executive, regarding Nassau County's property tax reassessment program. *See* ECF No. 50 at 1. The program at issue was aimed at ameliorating certain of the racial disparities resulting from Nassau County's archaic property tax regime. According to Mr. Blakeman, the program had been "botched" and was a "problem" that he intended to "fix." Notably, the "botched" program Mr. Blakeman discussed *is the same program* that Nassau County claims renders Plaintiffs' claims for injunctive relief moot. *See* Defendants' Suppl. Mem. of Law, ECF No. 45 at 1-5.

---

[1] In addition to equitable relief, Plaintiffs also brought claims for monetary damages.



As recently reported in a November 8, 2021 *New York Times* article entitled, "Why Republicans Won in a New York County Where Democrats Outnumber Them," Mr. Blakeman was elected Nassau County Executive, defeating incumbent Ms. Laura Curran. That article is annexed hereto as Exhibit A. The article notes that Ms. Curran's stand to fix Nassau County's "corrupt" property tax system by unfreezing assessments resulted in higher taxes for a majority of Nassau County's residents, which Mr. Blakeman credited as a major factor leading to his victory. *See* Exhibit A at 3.

This change in leadership – particularly with respect to the County Executive's willingness (or lack thereof) to change Nassau County's corrupt and racially discriminatory property tax regime – further supports Plaintiffs' argument that their claims for prospective injunctive relief are not moot, because the challenged policies are capable of repetition yet evading review.

Respectfully submitted,

*/s/ Andrew M. McNeela*
Andrew M. McNeela

(enclosure)

cc: Counsel of Record (via ECF)