

January 21, 2021

**VIA ECF**
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom, 4H North
Brooklyn, NY 11202

RE: *Hall et al v. Nassau County et al*, Case No. 2:19-cv-00893-LDH-CLP

Dear Judge DeArcy Hall,

We write on behalf of Defendants in the above-captioned matter ("Defendants") in response to the January 11, 2022 letter by Plaintiffs to the Court (the "Fourth Supplemental Letter," ECF No. 56). The Fourth Supplemental Letter, like previous similar letters submitted to the Court by Plaintiffs (ECF Nos. 39, 52, 56) ("Plaintiffs' Supplemental Letters"), purports to "provide additional information pertinent" to the Court's March 24, 2021 Order (the "Order"). The Order solicited supplemental briefing from the parties on the narrow issue of whether Plaintiffs' claims for a declaratory judgment and prospective injunctive relief should be denied as moot.

As stated in Defendants' previous responses to Plaintiffs' Supplemental Letters, the Fourth Supplemental Letter should be disregarded as an improper and unauthorized attempt by Plaintiffs to submit additional briefing on the mootness issue. The Court's Order invited only an initial 5-page supplemental submission from Defendants, and then a subsequent 5-page supplemental submission from Plaintiffs. *See* Order. Plaintiffs' Supplemental Letters and the Fourth Supplemental Letter are clearly beyond what is permitted by the Order and do not seek to notify the Court of relevant supplemental authority. Accordingly, they should be disregarded by the Court as unauthorized sur-replies. *See, e.g., Lahoz v. Age Well N.Y.*, No. CV 17-3721 (JFB) (AKT), 2018 U.S. Dist. LEXIS 127198, at *12 n.3 (E.D.N.Y. July 27, 2018) (making additional arguments in letter without leave of court and in violation of rules constituted impermissible sur-reply).

Further, Plaintiffs' Fourth Supplemental Letter misconstrues the analysis of the 199-page audit conducted by the Nassau County Comptroller,[1] an independently-elected countywide official

---

[1] The Nassau County Comptroller monitors the County's budget and financial operations and audits government agencies. *See* https://www.nassaucountyny.gov/1590/County-Comptrollers-Office (last viewed January 17, 2022).

1140 Avenue of the Americas
9th Floor
New York, NY 10036-5803

PO Box 257
New Suffolk NY 11956

Tel: 212.899.1760
Fax: 332.206.2073
calcaterrapollack.com

with independent auditors,[2] titled *Review of Residential Property Procedures and Control of the Assessment Review Commission*, December 21, 2021 (the "ARC Audit").[3]  The ARC Audit emphasizes the extraordinary burden placed upon Nassau County, and only Nassau County, by what the ARC Audit refers to as the unique "County Guarantee."  The County Guarantee resulted in excessive tax refunds (*see id.* at "What We Observed and Found," third page) and related long-term debt, and continues to contribute to tax shifts and the destabilization of assessed values, exposing the county to further potential liability.  *See id.*

The County Guarantee, a 1948 state statutory mandate that only applies to Nassau County, shifts the responsibility solely to Nassau County to compensate taxpayers for any refunds in property tax collections, with the municipal and school taxing authorities bearing no responsibility for these refunds.  *See, e.g.,* ECF No. 30 at 4.  As noted in the County's 2018 Comprehensive Annual Financial Report,[4] "*This has resulted in the County having to refund more in property taxes than it collected*," although "*only 17 cents of every dollar [the County] refunds are for the county's own obligation*."  ARC Audit at 60 (emphasis added).

In addition to the County Guarantee, the ARC Audit also highlights the additional challenges faced by the County in relation to another state law referred to as the New York State 60/20 Rule Cap ("60/20 Rule Cap").[5]  The ARC Audit states that the County did, in fact, perform a full reassessment of all property values for tax years 2020/21 (the first in over a decade) that was considered accurate for industry standards and supported by many industry professionals.  *See id.* at 12.  However, the ARC Audit then states that although the full assessment occurred, the New York State 60/20 Rule Cap limited the Assessor's ability to follow industry best practices and record Assessed Values at 100% of the newly determined more accurate market values.  Further, "in increasing markets, the 60/20 Rule Cap can cause undervaluation of Assessed Values of faster

---

[2] *See* https://www.nassaucountyny.gov/DocumentCenter/View/10441/Field-Audit-Mission-Vision?bidId= ("The mission of Field Audit is to provide an independent objective audit service of County Departments, County Agencies and County vendors.") (last viewed January 21, 2022).

3 The Full ARC Audit is available at https://www.nassaucountyny.gov/DocumentCenter/View/35832/Review-of-Residential-Property-Procedures-and-Controls-of-ARC?bidId=.

4 Available at https://www.nassaucountyny.gov/DocumentCenter/View/26110/Nassau-County-CAFR_2018?bidId=.

[5] *See id.* at 28 ("Audit Observation (4) The NYS Appreciation Cap limits the County's Ability to Assess Properties at 100% of Current Market Value, Causing Undervaluation (s) that Resulted in a Tax Burden Shift and Increasing Grievance Volumes. . . .  The Cap will: limit Nassau County's ability to adjust Assessed Values to maintain them at their current FMV; Cause Nassau County to continue to undervalue properties that appreciate above the Cap; and Cause a tax shift to the remaining properties leaving these undervalued properties paying less than their share.").

appreciating properties. This causes disparity for those properties that do not appreciate at the same pace, resulting in a tax burden shift, unless the County continues to lower the Level of Assessment to capture all excess increase over the cap." *Id.* at 3 (emphasis in original). The County did lower the Level of Assessment to .0010. The ARC Audit also reflects the fact that because the County must comply with the County Guarantee and 60/20 Rule Cap, the County's tax burden is shifted to *all* property owners that do not grieve their taxes. Finally, nowhere in the ARC Audit, which primarily "analyzed for testing purposes" tax years 2015/16, 2016/17, 2017/18 and 2018/19 (*id.* at 8) did the independent auditors ever imply, infer or state that the shifting tax burden only impacts minority homeowners that did not grieve. For these reasons, it is unclear why Plaintiffs believed it necessary to burden the Court with yet another improper supplemental letter.

Most importantly, Plaintiffs' Fourth Supplemental Letter does nothing to undermine Defendants' argument in their supplemental submission that the implementation of the Reassessment renders Plaintiffs' non-monetary claims moot. *See* ECF No. 45. Plaintiffs again offer nothing more than "[m]ere speculation that the parties will be involved in a dispute over the same issue" which "does not rise to the level of a reasonable expectation or demonstrated probability of recurrence." *Dennin v. Conn. Interscholastic Athletic Conference, Inc.*, 94 F.3d 96, 101 (2d Cir. 1996) (internal quotations omitted). Accordingly, Plaintiffs' non-monetary claims should be dismissed as moot, and Plaintiffs' complaint should be dismissed in its entirety for the reasons stated in Defendants' motion to dismiss briefing. *See* ECF Nos. 30, 34.

    Respectfully yours,

    /s/ *Regina Calcaterra*
    Regina Calcaterra

cc: Counsel of Record (via ECF)