

**KIRBY McINERNEY LLP**
250 Park Avenue, Suite 820, New York, NY 10177
Tel. 212.371.6600 Fax. 212.751.2540
WWW.KMLLP.COM

January 25, 2022

**VIA ECF**

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom, 4H North
Brooklyn, NY 11201

Re: *Hall v. Nassau County*, No. 19 Civ. 893 (LDH) (CLP) (E.D.N.Y.)

Dear Judge Hall:

We represent the plaintiffs ("Plaintiffs") in the above-referenced putative class action, which alleges that Defendant Nassau County's property tax assessment scheme is racially discriminatory. We write briefly to: (i) respond to Defendants' January 21, 2022 letter, ECF No. 57; and (ii) bring to the Court's attention Defendants' recent decision to yet again freeze its reassessment of property values for tax purposes, which further demonstrates that Plaintiffs' claims for non-monetary relief are not moot.

First, in their January 21, 2022 letter, Defendants concede that the recent Audit Report demonstrates that Nassau County's property tax grievance procedures have effected and continue to effect a substantial shift in Nassau County's property tax liability from homeowners who routinely grieved their assessments to those who did not. In response, Defendants contend that the Audit Report does not "imply, infer or state that the shifting tax burden *only impacts minority homeowners that did not grieve*." ECF No. 57 at 3 (emphasis added). Defendants' observation is a red herring. Plaintiffs have never alleged that *all* non-grieving homeowners were minorities. Rather, the Complaint alleges that Nassau County was aware of the fact that a highly disproportionate number of non-grieving homeowners are individuals who live in minority census tracts, and therefore a disproportionate share of Nassau County's property tax levy was and continues to be shifted from residents in wealthy, primarily white neighborhoods to homeowners in poorer, primarily minority neighborhoods. *See* Complaint at ¶¶ 6, 90, 105, 107, 110, 151, ECF No. 1. In any event, at a minimum, the Audit Report provides irrefutable support for Plaintiffs' allegation that Nassau County's grievance procedure has caused a massive shift in tax liability from grieving to non-grieving homeowners, and that this shift is ongoing.

Second, we write to notify the Court that Nassau County has frozen its assessment of property values for tax purposes for the second year in a row. *See* Scott Eidler, *Nassau County assessments frozen for second year in a row*, NEWSDAY (Jan. 23, 2022) (a copy of this article is annexed hereto as Exhibit A). As this Court is aware, Nassau County's lack of routine

reassessments is one of the primary actions the Complaint alleges has resulted in Nassau County's racially discriminatory property tax scheme. Defendants have argued that Nassau County's decision in 2019 to update its assessment rolls (over a five-year period) has rendered Plaintiffs' claims for non-monetary relief moot. Putting aside that Plaintiffs continue to suffer injuries while the five-year phase-in period continues, the fact that Nassau County is halting even that insufficient remedy proves indisputably that Plaintiffs' non-monetary claims are not moot.

We thank the Court for its consideration of this letter.

Respectfully submitted,

*/s/ Andrew M. McNeela*
Andrew M. McNeela

(enclosure)

cc: Counsel of Record (via ECF)